IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.  Criminal Action No. **3:17CR95**

**PARRISH DOMINIQUE WILLIAMS,**
　　　　Petitioner.

MEMORANDUM OPINION

Parrish Dominique Williams, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 56). Williams demands relief upon the following grounds:[1]

| | |
|---|---|
| Claim One | Petitioner received ineffective assistance of counsel when counsel failed to object the Government's printout of text messages from Petitioner's cell phone "which contained dates, times, transactions, and certain drug amounts." (ECF No. 56–1, at 2.) |
| Claim Two | Petitioner received ineffective assistance of counsel when counsel failed to object at sentencing to the "Statement of Facts on the ground that it failed to set forth the fact that movant's cell phone was taken from him during his arrest in July 2017 . . . ." (*Id.*) |
| Claim Three | Petitioner received ineffective assistance of counsel when counsel failed to object that the Government did not have a proper search warrant for his cell phone. (*Id.*) |

For the reasons set forth below, the § 2255 Motion (ECF No. 56) will be DENIED.

I. Pertinent Factual and Procedural History

On October 18, 2017, pursuant to a Plea Agreement, Williams pled guilty to distributing 28 grams or more of a mixture and substance containing a detectable amount of cocaine base (Count Four) and possession of a firearm and ammunition by a convicted felon (Count Five). (ECF

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the capitalization, punctuation, and spacing in the quotations from the parties' submissions.

No. 23, at 1–2.) The Probation Office prepared a Presentence Investigation Report ("PSR") wherein it concluded that "[f]or purposes of relevant conduct, the defendant [should be] held accountable for the distribution of 621.9027 grams of cocaine base, 28 grams of cocaine hydrochloride, and 7 grams of heroin, which converts to a marijuana equivalent of 2233.41 kilograms of marijuana." (ECF No. 27 ¶ 23.)

Williams objected to the drug weight attributed to him. (ECF No. 30, at 1.) Accordingly, the Government introduced evidence at sentencing to establish the relevant amounts of drugs. (ECF No. 45, at 7–56.) Much of this evidence consisted of text messages of drug transactions taken from Williams' phone at the time of his arrest. (*Id.* at 7–22.) At the conclusion of the Sentencing Hearing, the Court concluded that Williams had distributed the equivalent of 1,483 kilograms of marijuana. (*Id.* at 69.) This resulted in a Base Offense Level of 30, the same Base Offense Level reflected in the PSR. (ECF No. 31 ¶ 30.) After adjustments, Williams had a Total Offense Level of 29 and Criminal History of IV, (*id.* ¶¶ 116, 117), resulting in a sentencing range of 121 to 151 months. (*Id.* at 29–30.) The Court sentenced Williams to 140 months of imprisonment for Count Four and 120 months for Count Five, to be served concurrently. (ECF No. 38, at 2.)

## II. Analysis

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

Although Williams listed three separate claims of ineffective assistance of counsel, the thrust of all three claims is largely the same—counsel acted deficiently by failing to object to the introduction of texts obtained from his cell phone. Primarily, Williams contends the Government searched his cell phone without his consent and without a proper search warrant. However, the record reflects that a search warrant was obtained for Williams's phone subsequent to his arrest and prior to his guilty plea. (ECF No. 45, at 11; ECF No. 59–3.) Therefore, Williams fails to demonstrate that counsel acted deficiently or that he was prejudiced. Accordingly, Claims One and Three will be DISMISSED.

In Claim Two, Williams seems to argue that counsel should have objected that the Government could not utilize the text messages from his phone because the content of those messages was not included in the Statement of Facts that accompanied his guilty plea. (ECF No. 56–1, at 4 ("Counsel was also aware . . . that the text messages that were obtained from that phone were not included in the Government's Statement of Facts."). "The Government bears the burden of proving relevant conduct by a preponderance of the evidence. . . . Under the guidelines, drug quantities not specified in the counts of conviction are considered relevant conduct when they are part of the same course of conduct or common plan or scheme." *United States v. Richardson*, 132 F. App'x 492, 493 (4th Cir. 2005). Because counsel had no reasonable basis for objecting to the evidence pertaining to the texts from Williams's phone, he fails to demonstrate she performed deficiently. Accordingly, Claim Two will be DISMISSED.

3

## III. Conclusion

Williams's claims and the action will be DISMISSED. The § 2255 Motion (ECF No. 56) will be DENIED. Williams's Motion for an Evidentiary Hearing (ECF No. 64) will also be DENIED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Williams has not satisfied this standard. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 22 September 2021
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge